| MF1 2022-FL9 LLC v Haikins |
|:---:|
| 2026 NY Slip Op 30778(U) |
| March 3, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 654647/2023 |
| Judge: Andrea Masley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 48

-------------------------------------------------------------------------------X

MF1 2022-FL9 LLC,

                Plaintiff,

- v -

SHMUEL HAIKINS, JOSEPH RUBIN, BARUCH C.
MANIES, FRED P. SCHWARTZ, SUSAN HOFFMAN,

                Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 654647/2023 |
| **MOTION DATE** | |
| **MOTION SEQ. NO.** | 007 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 007) 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 182, 183, 184, 185

were read on this motion to/for         REARGUMENT/RECONSIDERATION        .

Defendants Baruch C. Manies, Fred P. Schwartz, and Susan Hoffman move

(1) for reargument and renewal of this Court's Decision and Order dated April 10, 2024, wherein the Court granted Plaintiff's motion under CPLR 3213 without opposition. NYSCEF Doc. 27 (the "3213 Order" 1), and upon reargument, vacating the 3213 Order and directing Plaintiff to file a complaint, with Defendants filing a responsive pleading;
(2) to vacate the 3213 Order under CPLR 5015;
(3) to extend defendants' time to conduct an appraisal of the Property under CPLR 2201, 2204, and the Court's inherent power;
(4) pursuant to CPLR 2201 and 5015 to stay and modify the MS5 Order. (NYSCEF 165, Notice of Motion.)

This is defendants' second motion to reargue and fourth attempt to challenge

plaintiff's 3213 motion in lieu of complaint.

The court granted defendants' motion 005 in part, sustaining liability, but giving

defendants an opportunity to challenge the amount of the judgment by submitting an

appraisal by December 31, 2025. (NYSCEF 149, November 26, 2025 Decision and

Order.) Instead, defendants filed this motion on December 31, 2025. As a result,

**654647/2023 MF1 2022-FL9 LLC vs. HAIKINS, SHMUEL ET AL**
**Motion No. 007**

**Page 1 of 4**

plaintiff's appraisal, in the amount of $35,800,000, is the only evidence of value before the Court.

Defendants' motion is denied, again, for the following reasons.

First, it is an impermissible motion to renew without any new facts proffered such as an affidavit from an appraiser saying they needed more time.[1] (*Queens Unit Venture, LLC v Tyson Ct. Owners Corp.*, 111 AD3d 552, 522 [1st Dept 2013].)

If it is a motion to reargue, then defendants' motion is untimely having been filed nearly two years after the court decided plaintiff's motion for summary judgment. (CPLR 2221 [e].) Again, the Court cannot consider reargument of the underlying summary judgment motion until defendants' default is vacated. Defendants have failed to so move. (NYSCEF 90, July 9, 2025, Decision and Order.)

The court has already addressed and rejected defendants' reargument arguments. (NYSCEF 149, November 11, 2025, Decision and Order.) "Reargument is not designed to afford the unsuccessful party successive opportunities to reargue the issues previously decided or to present arguments different from those originally asserted." (*William P. Pahl Equip. Corp. v Kassis*, 182 AD2 22, 27 [1st Dep't], *appeal dismissed* 80 NY2d 1005 [1992].)

As a procedural matter, defendants' motion is denied as CPLR 2221(f) states "[a] combined motion for leave to reargue and leave to renew shall identify separately and

---

[1] Counsel's statement that "Defendants' appraiser visited the Property but requires additional time to complete its appraisal" is not sufficient as she is not a person with knowledge and fails to support her statement with any explanation for why the appraiser needs more time, to do what, or documentary proof that an appraiser was engaged. (NYSCEF 167, Schnurr December 31, 2025 aff ¶4.)

**654647/2023  MF1 2022-FL9 LLC vs. HAIKINS, SHMUEL ET AL**
**Motion No.  007**

**Page 2 of 4**

[* 2]

support separately each item of relief sought." However, defendants have failed to do so.

Defendants' contention, without citation, that "the Court during oral argument on MS4 appeared to agree that Plaintiff failed to meet its prima facie burden – i.e. that the Guaranty is not for the payment of money only and therefore ineligible for CPLR 3213 relief" ignores defendants' burden to offer a reasonable excuse for its default. (NYSCEF 166, MOL at 13/16 and 14/16[2].) Again, defendants' evidence of neglect is not a reasonable excuse. (NYSCEF 91, July 9, 2025 Decision at 8/12.)

When the court granted defendants' motion in part on November 26, 2025, the court rejected defendants' argument that 30 days was not enough time to get an appraisal. Plaintiff stated that it took a few days for their appraiser, Colliers, to inspect and issue an appraisal report to plaintiff which is consistent with this court's experience with appraisals in other cases. (NYSCEF 184, November 26, 2025 tr; 11:13-20.) Defendants had plaintiff's appraisal which would give an appraiser an idea of how much time they would need to do an appraisal. Initially, defendants' argument that they did not have enough time was based on their New Years Eve plans which interfered with counsel's ability to be present for an appraisal after December 19, 2025. (*Id.,* tr; 11:15-25; 12:1-16.) With this motion defendants repeat that they did not have enough time to get an appraisal. However, there is no citation to an appraiser's affidavit in support of this argument. Indeed, to date, defendants have failed to provide any evidence of their efforts to get an appraiser or that such an appraiser was engaged but needed more time. The court's expectation was that defendants would immediately engage an

---

[2] NYSCEF pagination.

**654647/2023   MF1 2022-FL9 LLC vs. HAIKINS, SHMUEL ET AL**
**Motion No.  007**

**Page 3 of 4**

appraiser using plaintiff's appraisal report to estimate the time needed and notify the court if the engaged appraiser needed more time and why, not that defendants would do nothing, but make this motion.

Defendants have made it abundantly clear that they disagree with this court's decisions. However, defendants fail to offer a legal basis to change any of the court's prior decisions or to follow the CPLR. Instead of getting an appraisal, defendants requested irrelevant discovery and made this motion insisting that there was not enough time, without any evidence.

While this court finds defendants' delay tactics improper and potentially contemptuous, defendants may have 3 weeks from the date of this order to obtain an appraisal, which should take but a few days. Unless defendants submit a counter appraisal by 5 pm on March 24, 2026, the court will reinstate the judgment.

Accordingly, it is

ORDERED that defendants' motion 007 is granted in part to the extent that they shall have until March 24, 2026 at 5 pm to submit a counter appraisal and otherwise denied.

| **3/3/2026** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **ANDREA MASLEY, J.S.C.** | |
| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**654647/2023   MF1 2022-FL9 LLC vs. HAIKINS, SHMUEL ET AL**
**Motion No.  007**

Page 4 of 4

4 of 4

[* 4]